[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2011
JOHN LEY
CLERK

No. 10-12682
Non-Argument Calendar

_____

D. C. Docket No. 1:06-cv-21315-CMA

HUDSON MARINE MANAGEMENT SERVICES, INC.,

Plaintiff-Appellant,

versus

THOMAS MILLER (MIAMI), INC.,
THOMAS MILLER P&L LTD.,

Defendants-Appellees.

_____

No. 10-12683
Non-Argument Calendar

_____

D. C. Docket No. 1:06-cv-21315-CMA

HUDSON MARINE MANAGEMENT SERVICES, INC.,

Plaintiff-Appellee,

versus

THOMAS MILLER (MIAMI), INC.,
THOMAS MILLER P&L LTD.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 8, 2011)

Before HULL, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Hudson Marine Management Services, Inc. ("Hudson Marine") appeals the

district court's entry of judgment against it on its breach of contract claim against

Thomas Miller (Miami), Inc. and Thomas Miller P&L Ltd. (collectively "Miller")

for not paying for the full value of the work Hudson Marine performed.  Miller

cross-appeals the entry of judgment against it on its counterclaim for overpayment. In the contract between the parties, Hudson Marine agreed to restore and repair a marine habitat after a vessel damaged a coral reef off the coast of Florida. See Sea Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc., 565 F.3d 1293, 1296 (11th Cir. 2009). Hudson Marine subcontracted with Sea Byte, Inc. ("Sea Byte") to perform the restoration work.[1] Id. Multiple hurricanes hit the area after restoration work began, disrupting the project and ultimately causing it to cease. Id. at 1297.

In Hudson Marine's initial appeal, this Court remanded for the district court to calculate the parties' damages, by determining what percentage of the contract's value Hudson Marine had performed before the hurricanes hit and multiplying that percentage by the total contract price of $5,200,000. See Sea Byte, Inc., 565 F.3d at 1301–03. On remand, the district court entered judgment denying both parties any recovery for Hudson Marine's pre-hurricane work because they failed to establish the amount of damages to which they were entitled by a reasonable degree of certainty. After thorough review, we affirm.

I.

---

[1] Sea Byte was a party to the suit before the district court but settled its claims against Miller, and is therefore not a party to this appeal.

"'We review a district court's factual findings when sitting without a jury in admiralty under the clearly erroneous standard. We review the district court's conclusions of law de novo.'" Sea Byte, Inc., 565 F.3d at 1298 (quoting Venus Lines Agency, Inc. v. CVG Int'l Am., Inc., 234 F.3d 1225, 1228 (11th Cir. 2000)). "'A finding of fact is clearly erroneous when the entirety of the evidence leads the reviewing court to a definite and firm conviction that a mistake has been committed.'" Id. (quoting Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1380 (11th Cir. 2006)).

Both parties argue that the district court erred by requiring expert testimony on the issue of damages. The Federal Rules of Evidence provide that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . *may* testify thereto." Fed. R. Evid. 702 (emphasis added). Rule 702 and our precedent make clear that "there is no rule requiring expert testimony on certain issues." Worsham v. A.H. Robins Co., 734 F.2d 676, 685 (11th Cir. 1984). There are only a limited number of "cases in which [the] case would fail without expert testimony because the technical and scientific aspects of the case would result in a [finder of fact's] inability to comprehend the issues." Id. Indeed, the

4

particular "causes of action in which the law predicates recovery upon expert testimony," such as medical malpractice, are rare. Id.

Thus, we agree with the parties that had the district court required expert testimony on damages, it would have erred. But after careful review, we conclude that the district court did not require expert testimony in this case. The district court stated its findings and conclusions on the record, pursuant to Federal Rule of Civil Procedure 52, instead of memorializing them in a written opinion. During the evidentiary hearing, the court mentioned that expert testimony would have been helpful in the case. It does not appear, however, that the district court rejected the parties' evidence on the basis that they failed to provide expert testimony.

Instead, the district court rejected the parties' evidence primarily because it was speculative. We next consider whether the district court erred in rejecting the parties' evidence on that basis.

## II.

Hudson Marine argues that the district court erroneously found that its evidence of damages was speculative and not based on a reasonable degree of certainty. Florida law requires certainty of damages in a contract action. See

Sharick v. Se. Univ. Health Scis., Inc., 780 So. 2d 136, 140 (Fla. 3d DCA 2000).

Damages cannot be "remote" or "conjectural and speculative." Id.

On remand, we had instructed the district court to "determine what percentage of the project's value Hudson [Marine] provided under the contract of September 2, and multiply that percentage by the contract price of $5,200,000." Sea Byte, Inc., 565 F.3d at 1301 (emphasis added). We explained that the proper measure of the "value" of the work performed is not simply the amount of time spent on the project before the hurricane. Id. at 1302. Rather, we noted that the value of the completed work must take into account the different "kinds of labor, equipment, and skills" required for the work performed during that period. Id.

The district court did not err in finding that the parties failed to establish the "value" of the work Hudson completed before the hurricane to a reasonable degree of certainty. Miller merely calculated the number of days involved and asked the court to assess value based solely on time and the percentage of the work that had been completed. We explained on remand that in this case "the circumstances require a slightly different approach" than multiplying the total value of the project by the percentage of the project completed. Sea Byte, Inc., 565 F.3d 1302. Nor did Hudson Marine provide any sufficient evidence at the evidentiary hearing of the "value" of the work it performed. Rather, Hudson Marine proposed

6

multiple, competing formulas and asked the district court to choose among them in calculating its damages.

We hold that the district court did not err by concluding that neither party had established sufficient evidence of the "value" of the work Hudson Marine performed to the degree of certainty required under Florida law. We therefore AFFIRM the district court's entry of judgment in favor of Miller on Hudson Marine's breach of contract claim and in favor of Hudson Marine on Miller's contract claim for overpayment.


AFFIRMED.